UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                              Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                                   Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Before the court is Plaintiff Valeria Valenzuela's ("Plaintiff") Motion to Remand ("Motion" or "Mot."). (Dkt. 13.) On May 6, 2022, Defendant Target Corporation ("Defendant") filed an Opposition ("Opp."). (Dkt. 16.) Plaintiff did not file a Reply. (*See generally* Dkt.) The court held a hearing on the Motion on October 13, 2022. (Dkt. 24.) At the conclusion of the hearing on the Motion, the court took the matter under submission. (*Id.*) Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

## I.   Background

Plaintiff alleges on June 12, 2018, she slipped and fell at a Target store located at 8800 Whittier Boulevard, Pico Rivera, CA 90660. (Dkt. 1, Exh. A ("Compl.").) Plaintiff alleges Defendant Target and Defendant Sandra Tenorio (collectively, "Defendants") negligently owned, operated, and maintained that location, which resulted in a dangerous condition—liquid accumulating on the floor—that caused Plaintiff's injury. (*Id.*) As a result, Plaintiff filed this action in Los Angeles County Superior Court on June 2, 2020, against Defendants. (*Id.*) Defendant Target removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                          Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

_____

§ 1332 on March 23, 2022.  (Dkt. 1, Notice of Removal.)  Defendant Target removed on the grounds that: (1) removal was timely because it was filed within thirty days of receiving Plaintiff's interrogatory responses, which first put Target on notice that the case was removable; and (2) complete diversity exists between the parties.  (*Id.* at 2-3.)

Plaintiff filed the Motion to remand this action to state court on the grounds that the removal was untimely and complete diversity does not exist between the parties.  (Mot. at 3-7.)  The parties do not dispute that Plaintiff and Defendant Tenorio are citizens of California, and that Defendant Target is a Minnesota corporation with a principal place of business in Minneapolis, Minnesota.  (*See generally* Dkt. 1; Mot.; Opp.)  Relatedly, the parties do not dispute that complete diversity will not exist if Plaintiff and Defendant Tenorio both remain named parties in this action.  (*See generally* Mot.; Opp.)

## II.   Legal Standard

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Thus, when a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)).

To remove based on diversity jurisdiction, the defendant must demonstrate that: (1) the suit is between citizens of different states; and (2) the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Diversity jurisdiction "applies only to

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                                    Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest."). A natural person's citizenship is determined by their state of domicile, which is that individual's "permanent home, where [they] resid[e] with the intention to remain or to which [they] inten[d] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). However, "[i]n cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of (1) the state in which its principal place of business is located, and (2) the state in which it is incorporated. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *3123 SMB LLC v. Horn*, 880 F.3d 461, 468 (9th Cir. 2018).

The defendant's burden of proof with respect to the amount in controversy varies according to the allegations in the complaint. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "When a complaint . . . alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Id.* (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 389, 402 (9th Cir. 1996). But where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018); *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000].").

When assessing the amount in controversy, "the court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims in the

**CIVIL MINUTES – GENERAL**                                                       3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                              Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

complaint." *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). However, "[t]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). When the plaintiff contests the removing defendant's allegations, the court may consider "facts presented in the removal petition as well as any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (internal quotation marks and citation omitted).

## III.   Discussion

In this case, the parties dispute two issues: (1) whether removal was timely; and (2) whether Defendant Tenorio is a sham defendant named solely to defeat diversity jurisdiction. The court addresses each issue in turn.

### a.   Defendant's Removal was Timely

The parties do not dispute that the Complaint did not allege an amount in controversy but disagree on when Defendant Target first learned that damages would exceed $75,000. (*See generally* Mot.; Opp.; Compl.) Plaintiff argues Defendant Target should have understood that the case was removable in November 2021, when Plaintiff's counsel stated on a call that Plaintiff had undergone knee surgery. (Mot. at 6-7.) Defendant Target argues it first learned that Plaintiff was seeking damages in excess of $75,000 when Plaintiff responded to Form Interrogatories and indicated that she was seeking damages of $216,968.36. (*See* Opp. at 5-6.) Defendant Target then removed the case on March 23, 2022, thirty days after receiving Plaintiff's discovery responses on February 21, 2022. (*Id.*)

The removal statute "identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                         Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

period is triggered if the case stated by the initial pleading is removable on its face." *Id.*
(citation and internal quotation marks omitted).  "The second thirty-day removal period is
triggered if the initial pleading does not indicate that the case is removable, and the defendant
receives a copy of an amended pleading, motion, order or other paper from which removability
may first be ascertained." *Id.* (citation and internal quotation marks omitted).

Information is sufficient to trigger the removal clock under U.S.C. § 1446(b)(3) only if it
reflects a "reasonable estimate" of the relief requested by the plaintiff or makes the grounds for
removal "unequivocally clear and certain." *See Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th
Cir. 2002) (holding that "[a] settlement letter is relevant evidence in the amount of controversy
if it appears to reflect a reasonable estimate of the plaintiff's claim"); *Dietrich v. Boeing Co.*, 14
F.4th 1089, 1095 (9th Cir. 2021) ("[A]n amended pleading, motion, order, or other paper must
make a ground for removal unequivocally clear and certain before the removal clock begins
under the second pathway of § 1446(b)(3).").

In this case, although Plaintiff argues Defendant Target should have known that damages
would exceed $75,000 upon learning of Plaintiff's knee surgery, (Mot. at 6-7), Plaintiff does not
sufficiently explain why this information was a "reasonable estimate" of damages or
"unequivocally clear and certain."  Indeed, Plaintiff's counsel states in a declaration that when
asked by Defendant's counsel what Plaintiff's damages were, he responded that he "did not
have the complete medical bills" but "did inform [Defendant's counsel] that Plaintiff had
undergone knee surgery."  (*See* Mot., Declaration of Hussein Saleh ("Saleh Decl.") ¶ 2.)
Accordingly, the court finds that removal is timely under 28 U.S.C. § 1446(b)(3) because
Defendant Target first became aware of the damages sought on February 21, 2022, and
removed the action thirty days later on March 23, 2022.

**b.  Defendant Tenorio is not a Sham Defendant**

The court next considers whether Defendant Tenorio is a "sham defendant" whose
citizenship should not be considered for purposes of establishing diversity jurisdiction.  As

_____

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                              Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

noted above, the Notice of Removal asserts that the court's basis for subject matter jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332, but there is no dispute between the parties that Defendant Tenorio and Plaintiff are both citizens of California and that complete diversity will not exist if they both remain named parties. (*See generally* Dkt. 1, Notice of Removal; Mot.; Opp.)

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citation and internal quotation marks omitted). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citation and internal quotation marks omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "[I]f there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)).

In this case, Defendant Target argues Defendant Tenorio is fraudulently joined because Tenorio is being sued for her purported negligence in carrying out tasks in the course and scope of her employment and cannot, as a matter of law, be held personally liable to Plaintiff. (Opp. at 3-4.) Plaintiff argues "nothing prohibits plaintiffs from naming both employer and employee as defendants," and cites to *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1004-05 (1995), in support of that proposition. (Mot. at 3-4.)

The court first considers whether Plaintiff has failed to state a claim against Defendant Tenorio and if that failure is "obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. In this case, the Complaint asserts two causes of action: premises liability and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                    Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

negligence.  (*See* Compl.)  Under California law, "[t]he elements of a cause of action for premises liability are the same as those for negligence: duty, breach, causation, and damages." *Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013).  Under California law, "an employer may be subject to vicarious liability for injuries caused by an employee's tortious actions resulting or arising from pursuit of the employer's interests" but "vicarious liability is deemed inappropriate where the misconduct does not arise from the conduct of the employer's enterprise but instead arises out of a personal dispute . . . or is the result of a personal compulsion." *Farmers*, 11 Cal. 4th at 1005-06.

In this case, the court finds that Defendant Target has not met its burden of showing by clear and convincing evidence that Plaintiff is foreclosed from pursuing a claim against Defendant Tenorio.  As noted above, the Complaint asserts claims for premises liability and negligence, but California law permits claims against employees when, for example, the misconduct "does not arise from the conduct of the employer's enterprise." *Id.* at 1005-06.  The court finds that, though the Complaint contains limited allegations regarding Defendant Tenorio's involvement, it is not clear that there are no circumstances under which she could be held liable to Plaintiff.  *See, e.g., Revay v. Home Depot U.S.A., Inc.*, 2015 WL 1285287, at *4 (C.D. Cal. Mar. 19, 2015) ("[T]he fact that [an employer] may be vicariously liable for [an employee's] alleged negligence does not, by itself, establish [the employee's] immunity.  The doctrine of respondeat superior is a doctrine of imputed liability, not a doctrine of immunity.") (citation and internal quotation marks omitted).  The court reiterates that remand is necessary "if there is *any* possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint." *Hunter*, 582 F.3d at 1044 (emphasis added).

This principle also applies to the possibility of liability in a future amended complaint. *See Revay*, 2015 WL 1285287, at *3 (cleaned up and citation omitted) ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, or in a future amended complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary."); *see also Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an employee defendant],

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                                    Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that defendant] for harassment under [a different statute].").

The court is similarly not persuaded by Defendant Target's argument that Defendant Tenorio is not liable because she was not working on the date of the incident.  (Opp. at 4.)  The court observes that the only evidence provided regarding whether Defendant Tenorio was working that day is the declaration of Defendant's counsel.  (*See* Dkt. 1, Declaration of Gabriella Pedone ("Pedone Decl.") ¶ 8.)  The court observes that Defendant's counsel does not sufficiently explain the basis for personal knowledge of Defendant Tenorio's work schedule, or why the statement should not be considered attorney argument.  *See, e.g., Hebberd-Kulow Enterprises, Inc. v. Kelomar, Inc.*, 218 Cal. App. 4th 272, 283 (2013) ("An attorney's argument in pleadings is not evidence.").

Accordingly, the court finds that Defendant Target has not met its burden of showing that Defendant Tenorio was fraudulently joined, such that her citizenship should be disregarded for purposes of establishing diversity jurisdiction.  *See* 28 U.S.C. § 1332 (diversity jurisdiction requires that the suit is between citizens of different states and the amount in controversy exceeds $75,000).  Because the court finds that Defendant Tenorio is not a sham defendant, the court also finds that complete diversity jurisdiction is lacking between each of the named parties.[1]  *See Caterpillar Inc.*, 519 U.S. at 68 (stating diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."); *Kuntz*, 385 F.3d at 1181 ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").  Without complete diversity jurisdiction, remand to state court is appropriate.  Therefore, the Motion is **GRANTED**.

---

[1] As stated above in Section I, the parties do not dispute that Plaintiff and Defendant Tenorio are citizens of California, and that Defendant Target is a Minnesota corporation with a principal place of business in Minneapolis, Minnesota.  (*See generally* Dkt. 1; Mot.; Opp.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-1913-FWS-MAA                         Date: January 19, 2023
Title: Valeria Valenzuela v. Target Corporation *et al.*

## IV.    Disposition

For the reasons set forth above, the Motion is **GRANTED**.  This action will be remanded to state court forthwith.

Initials of Deputy Clerk:  mku